UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM PITTMAN, | Civil Action No. 14-1568 (FLW) |
| Plaintiff, | |
| v. | |
| | MEMORANDUM OPINION |
| MIDDLESEX COUNTY PROBATION DEPARTMENT, et al., | |
| Defendants. | |

## I.     INTRODUCTION

This matter has been opened to the Court by William Pittman's ("Plaintiff's") filing of a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application for *pro bono* counsel. (ECF Nos. 1, 1-1.)  The Court previously granted Plaintiff's application to proceed *in forma pauperis*.  (ECF Nos. 1-2, 2.)  For the reasons explained below, the Court will dismiss the entire Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court dismisses the claims against Middlesex County Probation Department and Criminal Case Management with prejudice, as these entities are not persons under §1983.  The Court dismisses the personal capacity claims against the individual Defendants without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In light of the dismissal of the Complaint, the application for *pro bono* counsel is likewise denied.

## II.     FACTUAL BACKGROUND

Plaintiff was not incarcerated at the time he filed the instant Complaint and has sued the Middlesex County Probation Department, Evelyn Cruz Carofilis, Kathie DeFuria, Bruce Morgan, Jeffrey Israel, Janine Abdalla, Andrea Poland, "Criminal Case Management," and "all

known and unknown" for violations of his civil rights in connection with the use of a sealed psychiatric report or evaluation ("Psychiatric Report") in his presentence report ("PSR").[1]  (ECF No. 1, Compl. at ¶¶ 1-2, 8.)  The individual Defendants appear to be employees at the Middlesex County Probation Department, Criminal Case Management Unit, which has responsibility, in relevant part, for the preparation of presentence reports for the state court.[2]  According to Plaintiff, the Psychiatric Report at issue was "ruled illegal" and "sealed by [a state court judge] in the Middlesex County Superior Court [] on May 27, 2003.  (*Id.* at ¶ 8.)  Plaintiff states that he sues the individual Defendants in their individual capacities.  (*Id.* at ¶ 7.)

Plaintiff alleges that he was interviewed by Defendant Abdalla, then Janine Khale, in 2005 while he was incarcerated at Bayside State Prison, and Abdalla improperly questioned him about the Psychiatric Report.  Plaintiff told Abdalla that the report was sealed and could not be used, but Abdalla allegedly used the psychiatric report for an unspecified purpose.  (*Id.*)  Plaintiff subsequently filed a motion in the Middlesex County Superior Court, and a state court judge allegedly ruled again that the matter was sealed.  (*Id.*)

On May 27, 2012, "[P]laintiff was ordered by the state court to report to criminal case management[.]"  (*Id.*)  During an intake evaluation, Defendant Bruce Morgan allegedly asked Plaintiff about the Psychiatric Report.  (*Id.*)  Plaintiff told Defendant Morgan that the report was sealed and that it could not be used against him.  Plaintiff alleges that Defendant Morgan "would still use the report, [k]nowing it was a sealed matter."  (*Id.*)  Later in the Complaint, Plaintiff alleges that he repeatedly told Defendant Morgan that the Psychiatric Report was sealed and that two judges had ruled that it could not be used against him.  (*Id.* at ¶ 23.)  Plaintiff appears to

---

[1] The Psychiatric Report is referred to interchangeably in the Complaint as a "report" and an "evaluation", and was created by non-defendant Dr. William Johnson.  (*Id.* at ¶ 8.)

[2] *See* http://www.judiciary.state.nj.us/middlesex/criminal.html, last visited March 23, 2017.

allege that the Psychiatric Report was used by Morgan to get Plaintiff "medical help" and to harass him.  (*Id.*)

On November 6, 2013, Plaintiff was ordered by a judge to report to Criminal Case Management in order to "have a [PSR] done" in a then-pending case against him.[3]  (*Id.*)  At that time, Defendant Abdalla once again interviewed and questioned Plaintiff about the Psychiatric Report.  (*Id.*)  Plaintiff told Abdalla that the Psychiatric Report was "ruled illegal[.]"  (*Id.*)  Plaintiff appears to allege that the PSR included or incorporated information from the Psychiatric Report and states that he would not sign the consent form or the PSR.  (*Id.*)  Plaintiff subsequently wrote to the sentencing judge about the matter, and the judge "stated the court has not relied on the prior psychiatric evaluation and the probation department should also disregard the same."  (*Id.*)

According to Plaintiff, Defendants Abdala, DeFuria, and "[C]riminal [C]ase [M]anagement" "assisted with the preparation of the [PSR] in order "to paint a bad picture of [Plaintiff], knowing that the Sentencing Judge [] would review it" and that it would also be reviewed by the state prison, classification[,] a[nd] parole.  (*Id.* at ¶¶ 12-15.)  Plaintiff appears to allege that Defendants included the Psychiatric Report in the PSR so that Plaintiff would be treated "harshly" by the sentencing judge, and receive harsher treatment from prison, classification, and parole officials.  (*Id.* at ¶¶ 15-17.)

According to the Complaint, the Middlesex County Probation Department "is responsible for its staff and their actions and [d]id nothing to assist in the matter[.]"  (*Id.* at ¶ 18.)  Plaintiff also states that "[t]he actions of [C]riminal [C]ase [M]anagement were totally against policy."

---

[3] It is not entirely clear whether the year was 2012 or 2013, but the Court construes Plaintiff's handwritten notation to indicate that the year was 2013.

(*Id.* at ¶ 10.)  Several of the individual Defendants are sued in their supervisory capacities. Plaintiff alleges that Defendant Kathie Defuria was "the supervisor and did nothing to assist in the matter" after the state courts ordered that the psychiatric report was a sealed matter and was to be disregarded.  Defendant Defuria also allegedly "read the [PSR] and still signed it in order to harass Plaintiff.  (*Id.* at 11.)  The Complaint also identifies Defendant Jeffrey Israel as "the team leader" who "signed the [PSR]."  (*Id.* at ¶ 23.)  Finally, Defendant Evelyn Cruz Carolfilis is described in the Complaint as the "supervisor at the time of [Defendant] Bruce Morgan [sic] actions." (*Id.*)

In addition to receiving harsh treatment by the sentencing court, Plaintiff has allegedly experienced "prolong[ed] worry" as a result of Defendants' inclusion of the Psychiatric Report in his PSR.  (*Id.* at ¶¶ 15, 17.)  Plaintiff seeks compensatory and punitive damages for alleged violations of his civil rights.  (*Id.*)

### III.   <u>ANALYSIS</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B). "While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."  *Stamos v. New Jersey*, No. CIVA095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), aff'd, 396 F. App'x 894 (3d Cir. 2010) (citing *Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2009 WL 4906520, at *1 n. 1 (M.D. Pa. Dec.15, 2009)).  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

From the outset, the Court dismisses Middlesex County Probation Department and Criminal Case Management with prejudice as these entities are not "persons" under § 1983.  If a subdivision of the state acts as an alter ego or an "arm" of the state, the subdivision of the state is not a "person" under § 1983.  *See Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 658-59 (3d Cir.1989).  Furthermore, "neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes ... are persons within the meaning of § 1983." *Green v. Essex County Superior Court Clerk*, No. 02-1872, 2006 WL 932055, at *3 (D.N.J. 2006). Courts in this district have found that county probation departments are arms of the state entitled to Eleventh Amendment immunity and are not persons under § 1983.  *See Otero v. Cty. Of Monmouth*, No. CIV.A. 06-3435 MLC, 2007 WL 1656851, at *2-3, *6 (D.N.J. June 5, 2007)

(analyzing the *Fitchik* factors and finding that county probation department is not a person under § 1983 and is entitled to Eleventh Amendment immunity).

The Court next construes Plaintiff's Complaint to allege that his Fourteenth Amendment due process rights were violated by the conduct of the individual Defendants,[4] who included the allegedly false or "illegal" Psychiatric Report in Plaintiff's PSR.[5]  If the sentencing court relied on false information in sentencing Plaintiff, without giving him a chance to correct the information, he may have been denied due process of law.  *See United States v. Tucker*, 404 U.S. 443, 447 (1972).  Here, however, Plaintiff states that he notified the sentencing judge that the Psychiatric Report was included in the PSR, and the sentencing judge told Plaintiff that the court did not rely on the Psychiatric Report in rendering Plaintiff's sentence. (ECF No. 1, Complaint at ¶ 8.)  As such, to the extent the Psychiatric Report contained false or "illegal" information, it does not appear that the sentencing court relied on that information in rendering its sentence.[6]

---

[4] The Court notes in this regard that the individual defendants who are supervisors may not be held liable in their personal capacities simply because they supervised alleged wrongdoers or because they signed the PSR.  Liability under § 1983 is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct.  In other words, "state actors are liable only for their own unconstitutional conduct."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom., Taylor v. Barkes*, 135 S.Ct. 2042 (2015). As such, *respondeat superior* cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, to establish a § 1983 claim, a plaintiff must show that a defendant participated in a violation of the plaintiff's rights, directed others to violate those rights, or otherwise had knowledge of and acquiesced in violations committed by subordinates. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

[5] In addition to a § 1983 claim under the Fourteenth Amendment, Plaintiff also references the Ninth Amendment, which provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Court, however, fails to see how Plaintiff's claims for relief arise under the Ninth Amendment.

[6] Although Plaintiff also implies that classification and probation officers relied on the Psychiatric Report, he do provide any facts explaining how the reliance violated his constitutional rights.

Furthermore, to the extent Plaintiff alleges that the sentencing court improperly relied on the Psychiatric Report in the PSR and gave him a harsher sentence, Plaintiff's lawsuit is barred because it appears to be an impermissible collateral attack on his criminal sentence. In *Heck v. Humphrey*, 512 U.S. 477, (1994), the United States Supreme Court held that a prisoner in state custody could not bring an action for monetary damages under 42 U.S.C. § 1983 challenging state actions related to a criminal sentence without first proving that the sentence had been reversed or invalidated on appeal. *Heck*, 512 U.S. at 487. Without such a showing, any claim for damages that calls into question the validity of a sentence must be dismissed by a district court. *Id.* The Court stated that this holding was consistent with the long-standing principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (explaining same).

Here, Plaintiff contends that certain of the individual Defendants maliciously included the Psychiatric Report in his PSR in order to influence the sentencing judge to give Plaintiff a harsher sentence and to harass Plaintiff, and that Plaintiff received a harsher sentence from the sentencing court due to the inclusion of the Psychiatric Report in his PSR. Plaintiff has not, however, alleged that the sentence in question has been reversed or invalidated on appeal. *See, e.g.*, *Ladner v. Maier*, No. CIV.A. 11-0854, 2012 WL 6115680, at *5 (E.D. Pa. Dec. 10, 2012)

(finding similar claim to be barred by *Heck*), *aff'd* (May 21, 2013).  Notably, the Third Circuit applies *Heck's* favorable termination requirement where the prisoner has finished serving his sentence and thus it is no longer possible to meet the "favorable termination" requirement of *Heck* by obtaining habeas corpus relief.  *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014); *Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (declining to hold that *Heck's* favorable termination rule does not apply to defendants who are no longer in custody absent clear direction from the Supreme Court).  Because Plaintiff has not alleged favorable termination, the Court dismisses, without prejudice, Plaintiff's Complaint as barred by *Heck*.  To the extent Plaintiff can provide additional facts showing favorable termination, he may submit a second amended complaint within 30 days.

## IV.    CONCLUSION

In conclusion, the claims against Defendants Middlesex County Probation Department and Criminal Case Management are dismissed with prejudice under § 1915(e)(2)(B).  The Complaint is otherwise dismissed without prejudice pursuant to § 1915(e)(2)(B) as barred by *Heck*.  Because the Court has dismissed the Complaint, the application for *pro bono* counsel is likewise denied without prejudice.  An appropriate Order follows.


/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.


Date: March 24, 2017

8