**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM PITTMAN, | : |
| | : Civil No. 14-1568 (FLW) (LHG) |
| Plaintiffs, | : |
| | : |
| v. | : **MEMORANDUM AND ORDER** |
| | : |
| EVELYN CRUZ CAROFILIS et al., | : |
| | : |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.**

Plaintiff, William Pittman ("Pittman" or "Plaintiff"), acting *pro se*, commenced this civil-rights action under 42 U.S.C. § 1983 in March 2014, alleging that various employees of the Middlesex County Probation Department had in some way improperly used a sealed psychiatric evaluation in violation of Pittman's due-process rights. (*See* Compl., ECF No. 1.) The Court previously granted Pittman leave to proceed *in forma pauperis*. (Order, ECF No. 2.)

In March 2017, the Court conducted an initial screening of Pittman's Complaint under 28 U.S.C. § 1915(e)(2)(B). As a result of the screening, it found that Pittman's claims against the Middlesex County Probation Department and Criminal Case Management could not proceed, as those entities were not "persons" for the purposes of § 1983, and it dismissed those claims with prejudice. The Court further found that Pittman did not establish a favorable termination of his criminal proceeding and that the remainder of Pittman's complaint was consequently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, the Court dismissed the remainder of Pittman's Complaint without prejudice, but granted him leave, within 30 days, to file an Amended Complaint with additional facts showing a favorable termination. (*See* Mem. Op., ECF No. 3; Order, ECF No. 4.)

Three months later, Pittman sent a letter to the Court noting that, due to a change of address, he had just received the Court's Memorandum Opinion and Order dismissing the case and stating that he "would like to continue pursuit in this Matter before the courts." (ECF No. 5.) On October 18, 2017, Pittman filed a motion for the appointment of *pro bono* counsel. (ECF No. 6). He indicates that he is having difficulty refiling the case and desires an attorney's help, yet cannot afford to hire one. (*Id.*)

Generally, civil litigants have no constitutional or statutory right to counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). In some cases, the need for representation is great, and thus 28 U.S.C. § 1915(e)(1) grants district courts broad discretion to request the appointment of attorneys to represent indigent civil litigants in appropriate circumstances. The Court recognizes, however, that "volunteer lawyer time is extremely valuable" and, for that reason, that "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). The Court must bear in mind "the significant practical restraints on the district court's ability to appoint counsel: . . . the lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

When evaluating an application for the appointment of *pro bono* counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147:

1. the potential merit of the applicant's legal position;

2. the applicant's ability to present the case without counsel;

3. the complexity of the legal issues involved;

4. the extent of factual discovery and the applicant's ability to investigate and to comply with discovery rules;

5. the extent to which the case may turn on credibility determinations;

6. whether expert testimony will be needed; and

7. whether the applicant can afford paid counsel.

*See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same). A finding of potential merit of the applicant's arguments is a threshold determination that must be established before considering any other factors. *See Dobson*, 2009 WL 115966 at *2; *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007).

Applying this test, the Court finds that Pittman fails to show that appointment of *pro bono* counsel is presently warranted. Pittman cannot meet the threshold requirement of a potentially meritorious claim, as he currently has no active claims. The Court dismissed Pittman's claims as barred by *Heck*. While the Court gave him an opportunity to replead facts that establish favorable termination of his criminal matter, Pittman has not done so. As Pittman presently has no potentially meritorious legal claim, the Court must deny his motion for appointment of *pro bono* counsel without reaching the remaining *Tabron* factors. *See Dobson*, 2009 WL 115966 at *2.

In the interests of justice, the Court will grant Pittman an additional 30 days to submit an Amended Complaint to the extent that he can provide facts to meet the *Heck* favorable-termination requirement. If Pittman fails to do so, the action will be dismissed with prejudice.

Therefore, IT IS, on this 11th day of April 2018,

ORDERED that Plaintiff's motion to appoint *pro bono* counsel (ECF No. 6) is DENIED; and it is further

ORDERED that, to the extent Plaintiff can provide facts to meet the *Heck* favorable-termination requirement, he may submit an Amended Complaint within 30 days of the entry of this Memorandum and Order; and it is further

ORDERED that, if Plaintiff does not submit an Amended Complaint providing facts showing favorable termination within 30 days, the action will be dismissed without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge